UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCO RAMOS,<br>Individually and on Behalf of All<br>Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>NAVMAR APPLIED SCIENCES<br>CORPORATION,<br><br>                 Defendant. | Civil Action No. 2:17-cv-01779-LAS |

## JOINT MOTION FOR AN ORDER CERTIFYING PLAINTIFF COLLECTIVE AND PRELIMINARILY APPROVING SETTLEMENT AGREEMENT AND RELEASE, AND NOTICE

Plaintiff Marco Ramos (the "Named Plaintiff" or "Ramos"), individually and on behalf of a class of individuals he seeks to represent (the "Plaintiff Collective"), and Defendant Navmar Applied Sciences Corporation, through their respective counsel, file this Joint Motion for an Order Certifying the Plaintiff Collective and Preliminarily Approving Settlement Agreement and Release, and Notice ("Motion"). Ramos and Defendant (collectively, the "Settling Parties") state:

    1.    On April 18, 2017, Ramos filed this lawsuit as a putative collective action under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, alleging that Defendant failed to pay certain overtime compensation to "similarly situated" current and former PGST Operators ("Operators").

        (a)    In the Complaint, Ramos claimed he and other allegedly "similarly situated" Operators were improperly classified as exempt under the FLSA and denied time-and-a-half overtime compensation to which they are entitled for work performed over 40 hours in a

1

workweek.

(b)     Shortly after filing the Complaint, the undersigned contacted counsel for Defendant to notify her of the commencement of the lawsuit. Though Defendant denied all material allegations set forth in the Complaint, the Settling Parties agreed to participate in a period of informal discovery to explore whether a resolution of their bona fide disputes could be reached. Based on that agreement, the Settling Parties entered into appropriate tolling agreements to allow for informal discovery and good faith settlement discussions.

(c)     Ramos requested and Defendant produced relevant documents necessary to determine the scope and size of the putative class, the number of overtime hours worked, and the amount of back wages allegedly due. The records included hundreds of pages of timesheets, personnel files, and other relevant employment documents for Ramos and all other identified Operators.

(d)     After reviewing all of the data and documents and making the necessary calculations, Ramos presented a settlement demand to Defendant.

(e)     On March 15, 2018, after many months of motion practice, a settlement conference was held with U.S. Magistrate Judge Lynne A. Sitarski. At the settlement conference, Defendant produced information it believed supported its defenses to the claims set forth in the Complaint. It was then agreed to by the Settling Parties and Judge Sitarski that Ramos and the undersigned would review the information, perform revised back pay calculations, and present a revised settlement demand.

(f)     Over the next two months, the Settling Parties continued to exchange documents and information for settlement purposes. They continued settlement discussions on

their own and participated in several more telephonic conferences with Judge Sitarski who assisted with the conciliation process.

   (g) On June 1, 2018, the Settling Parties reached an agreement that resolved all claims in this lawsuit.

   (h) After reaching the settlement, counsel for the Settling Parties worked diligently to prepare the required Settlement Agreement and Release, Settlement Notice form and Claim Form.

  2. The Settling Parties have negotiated a settlement, as set forth in the Settlement Agreement and Release ("Agreement"), attached hereto as Exhibit 1, which settles and compromises fully all claims asserted regarding the compensation of Operators in the lawsuit and all claims nationwide arising from or related to the lawsuit or which have been or might have been asserted based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the lawsuit.

  3. This Agreement was reached as a result of lengthy and detailed, arms-length settlement negotiations between counsel for the Settling Parties.

  4. The Settling Parties request that this Court approve, administer, and implement the Agreement and settlement.

  5. To approve and implement this settlement, the Settling Parties move this Court to enter an Order in the form of the attached Exhibit 2, which shall: (a) grant Preliminary Approval of the FLSA collective action settlement set forth in the attached Agreement as fair, reasonable and adequate and in the best interests of the Named Plaintiff and the members of the Plaintiff Collective; (b) certify the Plaintiff Collective as defined in the Agreement for settlement purposes only; (c) approve a Notice of Class Action Settlement, a copy of which is attached as Exhibit A to

the Agreement; (d) approve a Claim, Waiver, Release and Consent to Join Form ("Claim Form"), a copy of which is attached as Exhibit C to the Agreement; (e) authorize the mailing of the Notice and Claim Form to all individuals identified as members of the Plaintiff Collective; (f) appoint the law firm of Kleinbard LLC as counsel for the Plaintiff Collective ("Class Counsel"); (g) appoint HR Advantage Advisory as Settlement Administrator; (h) set a date for the execution and return of the Claim Forms (the "Notice Deadline"); and (i) schedule a hearing for the final approval of the Agreement and entry of a Final Judgment and Order dismissing with prejudice all claims encompassed by the Agreement ("Final Approval Hearing").

6. For settlement purposes only, the Plaintiff Collective shall be defined as: "All current and former employees of Navmar who have worked as a PGST Operator and performed work as such within the United States at any time between April 18, 2014 and March 15, 2018."

7. To support their Motion, the Settling Parties state:

(a) The Settling Parties have exchanged information and documentation through informal discovery and focused settlement discussions. Defendant has conducted several witness interviews, and provided hundreds of pages of relevant documents regarding the hours worked and compensation received by Ramos and the members of the Plaintiff Collective. Class Counsel reviewed the data and documentation produced by Defendant and spent considerable time with Ramos and other members of the Plaintiff Collective reviewing/analyzing the documentation and conferring about the nature of the Operator's job responsibilities, their compensation, and hours worked. Additionally, Class Counsel and Defendant's counsel have invested substantial time assessing the applicable law as it relates to Ramos' claims and damages, the defenses thereto, and the facts discovered.

(b) There are bona fide disputes regarding the primary duties and

4

responsibilities of the Operators, their FLSA exemption status, compensability of their travel time, amount of time spent on tasks prior to the start of work shifts, and unpaid wages for such pre-shift work. Furthermore, there are bona fide disputes between the Settling Parties regarding the number of overtime hours worked by the Operators and whether compensation for any overtime hours has been properly and timely paid. Finally, there are bona fide disputes between the Settling Parties in relation to whether Defendant's alleged failure to pay overtime compensation was willful and/or reckless in nature, and whether Defendant acted reasonably and in good faith.

(c) Defendant has denied and continues to deny any liability or wrongdoing, and denies all liability and damages to anyone regarding the alleged facts or causes of action asserted in the lawsuit. However, to avoid the burden, expense, inconvenience, and uncertainty of proceeding through trial, Defendant has concluded that it is in its best interests to resolve and settle the lawsuit.

(d) Class Counsel has conducted a thorough investigation of the relevant facts, the claims against Defendant, and the impact of this Agreement on Ramos and the members of the Plaintiff Collective. Based on that analysis and an evaluation of several factors, including: (i) the number of members in the putative collective action and their locations throughout the United States; (ii) the number of overtime hours the members of the putative collective action might have worked in the United States during the relevant look-back period; (iii) the defenses raised by Defendant during informal discovery and settlement discussions; (iv) the expense and delay associated with continued proceedings; and (v) the uncertainty of the outcome of the lawsuit, Class Counsel believes that settlement with the Defendant for the consideration and on the terms set forth in this Agreement is fair, reasonable and adequate and is in the best interests of Ramos and the members of the Plaintiff Collective.

WHEREFORE, for all the reasons stated in this Motion and in the Settlement Agreement and Release attached hereto, the Settling Parties respectfully request that the Court enter the accompanying Order granting the relief requested in paragraph five above.

Respectfully submitted,

| | |
|---|---|
| /s/ Peter R. Rosenzweig | /s/ Stephanie K. Rawitt |
| Peter R. Rosenzweig, Esq.<br>KLEINBARD LLC<br>One Liberty Place<br>46th Floor<br>1650 Market Street<br>Philadelphia, PA 19103<br>(267) 443-4120 | Stephanie K. Rawitt, Esq.<br>Clark Hill PLC<br>One Commerce Square<br>2005 Market Street<br>Suite 1000<br>Philadelphia, PA 19013<br>(215) 640-8515 |
| *Counsel for Marco Ramos, Individually And On behalf of All Others Similarly Situated* | *Counsel for Defendant* |

DATED:   July 10, 2018