IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCO RAMOS, et al.,** | : | CIVIL ACTION |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | NO. 17-cv-1779 |
| **NAVMAR APPLIED SCIENCES** | : | |
| **CORPORATION,** | : | |
| **Defendant.** | : | |

**ORDER**

AND NOW, this __10th__ day of August, 2018, upon consideration of the Joint Motion for an Order Certifying Plaintiff Collective and Preliminarily Approving Settlement Agreement and Release, and Notice (ECF No. 36), and having conducted an on-the-record telephone hearing on August 10, 2018, it is hereby ORDERED:

1. The FLSA claims asserted in this action may proceed as a collective action. Should, for any reason, the settlement not become final, the fact that the parties were willing to stipulate to the certification of a collective action as part of the settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a collective class should be certified in a non-settlement context.

2. The Court hereby grants preliminary approval of the FLSA collective action settlement set forth in the Agreement as fair, adequate, and reasonable, and in the best interests of the Named Plaintiff and the Plaintiff Collective.[1]

---

[1] The Court has an independent duty to scrutinize the Settlement Agreement as to the collective action under the FLSA. *Altnor v. Preferred Freezer Servs. Inc.*, No. 14-7043, 2016 WL 9776078, at *1 n.1 (E.D. Pa. Feb. 9, 2016). "Courts play an important role in ensuring that plaintiffs in FLSA lawsuits do not effectively waive their statutory rights." *Lyons v. Gerhard's, Inc.*, No. 14-06693, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015).

Upon preliminary review and for the reasons articulated by Plaintiff's counsel during the

3. The law firm of Kleinbard LLC is appointed and designated as counsel for the Plaintiff Collective ("Class Counsel."). Class Counsel are authorized to act on behalf of all current and former employees of Defendant who have worked as a PGST Operator and performed work as such within the United States at any time between April 18, 2014 and March 15, 2018 (the "Plaintiff Collective"), with respect to all acts or consents required by, or which may be given pursuant to, the settlement, and such other acts reasonably necessary to consummate the settlement. Any potential members of the Plaintiff Collective who opt-in to the settlement may enter an appearance through counsel of their own choosing and at their own expense. Any potential members of the Plaintiff Collective who do not enter an appearance through counsel, or indicate a desire to represent themselves, will be represented by Class Counsel.

4. The Court approves, as to form and content, the Settlement Notice form and the Claim Form attached as Exhibits A and C to the Agreement.

5. The Court confirms the retention of HR Advantage Advisory as Settlement Administrator.

6. Any potential members of the Plaintiff Collective who wish to participate in the settlement shall return their Claim Forms to Class Counsel. The Claim Forms must be received by Class Counsel no later than **Monday, September 24, 2018**. After opting in, any members of the Plaintiff Collective may object to the proposed settlement by filing written objections with the Court in advance of the

---

August 10, 2018 hearing, the proposed settlement does not "disclose [ ] grounds to doubt its fairness or other obvious deficiencies." *In re Nat'l Football League Players' Concussion Injury Litig.*, 301 F.R.D. 191, 198 (E.D. Pa. 2014) (citation omitted). The Court notes, however, that approval of the proposed settlement is only preliminary.

Final Approval Hearing and/or by appearing and being heard at the Final Approval Hearing.

7. The Court will hold a final hearing on **Tuesday, October 16, 2018,** at **3 p.m** in Courtroom 3E of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106 to consider whether to enter a Final Judgment and Order approving the proposed settlement.[2]

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

[2] During this hearing, the Court will determine whether "'each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff.'" *Altnor*, 2016 WL 9776078, at *1 n.5 (citations omitted). Then, the Court will verify that the proposed FLSA collective action settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id*. (citation and quotation marks omitted).